El Pueblo de Puerto Rico, demandante y apelado, *v.* Asunción Román, acusado y apelante.

Nos. 2871 y 2872.—*Vistos:* Noviembre 4, 1926. *Resueltos:* Diciembre 9, 1926.

1. Derecho Penal—Apelación y Error, y Certiorari—Presentación y Reserva en la Corte Inferior de los Fundamentos de Revisión—Objeciones a las

DENUNCIAS—VAGUEDAD Y AMBIGÜEDAD.—Las objeciones que vayan dirigidas a la suficiencia de una denuncia no pueden levantarse por vez primera en apelación.

2. ABUSO DE CONFIANZA—DE LA ACUSACIÓN O DENUNCIA—SU SUFICIENCIA—RELA-CIÓN DE CARÁCTER FIDUCIARIO.—La relación fiduciaria surge de denuncia por abuso de confianza que sustancialmente alega que el acusado, mientras actuaba como agente de una compañía, cobró de un cliente de ésta una cantidad extendiéndole un recibo ya utilizado de otro cliente, apropiándose del valor de dicho recibo con la intención de emplearlo en su propia utilidad y privando a dicha compañía de dicho dinero.

SENTENCIA de *M. Rodríguez Serra*, J. (San Juan, Segundo Distrito), condenando al acusado por delitos de Abuso de Confianza. *Confirmadas.*

*José Ruiz de Val*, abogado del apelante; *José E. Figueras*, abogado de *El Pueblo*, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En cada uno de estos casos, tanto en la corte municipal como en la de distrito, Asunción Román fué convicto del delito de abuso de confianza y en apelación ataca la suficiencia de las denuncias.

En éstas se alega substancialmente que Asunción Román mientras actuaba de agente vendedor y cobrador de la Singer Sewing Machine Company, ilegal, voluntaria, fraudulenta y maliciosamente cobró de cierta señora, cliente de dicha compañía, la suma de $20 ($10 en el caso No. 2872) extendiendo a dicha señora un recibo ya utilizado de otro cliente y que había sido reportado previamente por dicho acusado apropiándose así el valor de este recibo con la fraudulenta intención de emplearlo en su propia utilidad y privando así a la citada compañía de dicho dinero.

[1] El apelante alega que la denuncia es vaga y ambigua y hasta cierto punto lo es, pero no se presentó objeción alguna en este sentido en la corte inferior. Estamos obligados a asumir, en ausencia de la debida objeción, que las alegaciones eran suficientemente claras y precisas para informar al acusado de los elementos del delito que se le imputaba.

[2] Por otra parte, el fiscal de esta corte sugiere que en la denuncia no se alegan todos los elementos constitutivos del delito de abuso de confianza. Esta supuesta deficiencia consiste en dejar de alegar la relación fiduciaria en virtud de la cual el acusado obtuvo la posesión del dinero y se lo apropió para su uso defraudando así a su principal. La denuncia, sin embargo, sí expresa que Román era agente vendedor y cobrador de la Singer Sewing Machine Co. Si bien hubiese sido más correcto decir que él como agente de la compañía efectuó una venta a determinada señora, le expidió un recibo fraudulento y se apropió el dinero que recibió de ella y que debía entregar a la compañía, o quizás aún más, sin embargo, la denuncia demuestra todos estos hechos imperfectamente y de ellos surge la relación fiduciaria. El acusado extendió a dicha señora un recibo correspondiente a otro cliente de la compañía, que ya había sido reportado. Recibió $20 mientras actuaba como tal agente. Todos sus actos hasta el momento de la apropiación, y quizás también ese acto mismo, se dicen haber sido cometidos en su capacidad de agente. Debió haber sido claro para el acusado saber que se le imputaba la apropiación de dinero en su capacidad fiduciaria de agente.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.